

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 7, 1947

Hon. Gene Maddin
District Attorney
McLennan County
Waco, Texas

Opinion No. V-400

Re: May beer, as defined by
Art. 667-1, V.P.C., be
legally sold in Justice
Precinct No. 5 of McLen-
nan County, Texas?

Dear Mr. Maddin:

Your letter requesting an opinion of this
Department reads, in part, as follows:

"In the year 1909, Justice Precinct
No. 5 of McLennan County, Texas, by local
option voted said precinct dry as to both
liquor and beer. No local option election
has been held in said precinct since said
time except that in the year 1933 a local
option election was held under the provis-
ion of Chapter 116, Acts of the Regular
Session of the Forty-third Legislature, at
which election sale and distribution of
vinous and malt beverages containing one-
half of one per cent or more of alcohol by
volume and not more than three and two-
tenths per centum of alcohol by weight was
adopted under the 1933 amendment to Section
20, Article 16 of the Constitution of Texas.

"By county wide local option elections
under the 1935 statutes, McLennan County,
Texas, generally is wet as to beer and dry
as to all other forms of intoxicating liquor.

"Question: Can beer as defined by Arti-
cle 667-1 of the Penal Code of Texas be legal-
ly sold in Justice Precinct No. 5 of McLennan
County, Texas?"

We shall assume for purposes of this opinion
that the 1933 local option election held in Justice Pre-
cinct No. 5 was valid in all respects, and that no county-
wide election resulting in the prohibition of all alcohol-
ic beverages has been held in McLennan County since 1933.

The local option election held in Justice Precinct No. 5 was held under the authority of Article XVI, Section 20 of the Constitution of Texas, as amended in 1933, and in accordance with Chapter 116, Acts of the Regular Session, Forty-third Legislature. Article XVI, Section 20 as adopted August 26, 1933, was the so-called "beer amendment". This amendment is quoted in full as follows:

"The manufacture, sale, barter or exchange in the State of Texas of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicant whatever except vinous or malt liquors of not more than three and two-tenths per cent (3.2%) alcoholic content by weight, (except for medicinal, mechanical, scientific, or sacremental purposes) are each and all hereby prohibited. The Legislature shall enact laws to enforce this Section, and may from time to time prescribe regulations and limitations relative to the manufacture, sale, barter, exchange, or possession for sale of vinous or malt liquors of not more than three and two-tenths per cent (3.2%) alcoholic content by weight; provided the Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct, town or city may, by a majority vote of those voting, determine from time to time whether the sale for beverage purposes of vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcohol by weight shall be prohibited within the prescribed limits; and provided further that in all counties in the State of Texas and in all political subdivisions thereof, wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article 16, of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or in any such political subdivision thereof, any spiritous, vinous or malt liquors or medicated bitters, capable of producing intoxication or any other intoxicant whatsoever, unless and until a majority of the qualified voters in said county or political subdivision thereof voting in an election held for such purpose shall determine it

to be lawful to manufacture, sell, barter and exchange in said county or political subdivision thereof vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcoholic content by weight, and the provisions of this subsection shall be self-enacting." (Emphasis added throughout this opinion)

Chapter 116, Acts of the Regular Session of the Forty-third Legislature was passed prior to the adoption of the above constitutional amendment and became effective September 15, 1933. Generally described, it was an act regulating the manufacture, sale, distribution, and transportation of vinous or malt beverages. Section 1 (d) of this act defined "beer" as follows:

"The word 'beer' as hereinafter used in this Act and for the purposes of this Act shall mean beer containing one-half (½) of one per cent (1%) or more of alcohol by volume and not more than three and two-tenths per centum (3.2%) of alcohol by weight."

Thus, it becomes apparent that under the constitutional and statutory provisions in effect in 1933, when the election was held in Justice Precinct No. 5, only vinous or malt liquors containing not more than 3.2 per cent alcohol by weight could be legalized.

In 1935, Article XVI, Section 20 of the Texas Constitution was again amended to authorize the sale of all liquors within the State of Texas in such counties, justice precincts, or incorporated cities or towns as should by local option legalize them. This amendment is now in effect and in so far as pertinent to the point under discussion is quoted below:

"(c) In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county, justice's precinct or incorporated town or city, any spiritous, vinous or malt

liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful; <u>provided that this subsection shall not prohibit the sale of alcoholic beverages containing not more than 3.2 per cent alcohol by weight in cities, counties or political subdivisions thereof in which the qualified voters have voted to legalize such sale under the provisions of Chapter 116, Acts of the Regular Session of the 43rd Legislature.</u>"

Pursuant to this 1935 constitutional amendment, the Second Called Session of the Forty-fourth Legislature repealed Chapter 116, Acts of the Regular Session of the Forty-third Legislature, and passed Chapter 467 commonly referred to as the Texas Liquor Control Act. This act, as amended, is codified as Articles 666 and 667 of Vernon's Penal Code and constitutes the Texas Liquor Control Act as it now exists. The definition of "beer" set out in Chapter 116, Acts of the Regular Session of the Forty-third Legislature, and quoted above was repealed and Article 667-1(b) of Vernon's Penal Code, as now in effect, defines "beer" as a malt beverage containing one half of 1 per cent or more of alcohol by volume and not more than 4 per cent of alcohol by weight.

Chapter 448, Acts of the Regular Session, Forty-fifth Legislature, was passed in 1937, and was an act revising the Texas Liquor Control Act as originally passed in 1935. Article II, Section 2 of Chapter 448 provides in part as follows:

". . . . in justice precincts . . . wherein a majority of the voters have voted to legalize the sale of beer in accordance with the local option provisions of Chapter 116, Acts of the Regular Session of the Forty-third Legislature . . . . <u>beer as herein defined</u> may be manufactured, distributed and sold as herein provided.

The words "beer as herein defined" refer back to Article II, Section 1(b) of Chapter 448, which precedes the above provision and which is quoted as follows:

> "The term 'beer' means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

This is the same definition which is now codified as Article 667-1(b) of Vernon's Penal Code. Therefore, the Legislature, when they used the words "beer as herein defined" could only have intended 4 per cent beer. The import of the language is to legalize the sale of 4 per cent beer in counties, justice precincts and incorporated cities or towns which voted to legalize 3.2 per cent beer under the authority of the 1933 constitutional amendment and in accordance with the local option provisions of Chapter 116, Acts of the Regular Session of the 43rd Legislature. This appears to be the legislative intent despite the following language which appears in Article XVI, Section 20 of the Texas Constitution as finally amended in 1935:

> ". . . . provided that this subsection shall not prohibit the sale of alcoholic beverages containing <u>not more than 3.2 per cent</u> alcohol by weight in cities, counties or political subdivisions thereof in which the qualified voters have voted to legalize such sale under the provisions of Chapter 116, Acts of the Regular Session of the 43rd Legislature."

The language quoted immediately above limits the alcoholic content of beverages legalized under the provisions of Chapter 116, Acts of the Regular Session of the Forty-third Legislature to "not more than 3.2 per cent alcohol by weight." We are familiar with the rule of statutory construction to the effect that all doubts must be resolved in favor of the constitutionality of a statute, but we believe that part of Chapter 448, Acts of the Regular Session, Forty-fifth Legislature, referred to above, is in clear and irreconcilable conflict with that part of the constitutional amendment of 1935 quoted immediately above. We believe strength is added to this contention by

the many Texas decisions to the effect that the local option status of a particular political subdivision may be changed only by the voters in the territory where such law was originally vitalized. See Houchins v. Plainos, 110 S. W. (2d) 549, and cases cited therein. It is, therefore, the opinion of this Department that Article II, Section 2 of Chapter 448, Acts of the Regular Session of the Forty-fifth Legislature, codified as Article 667-2 of Vernon's Penal Code, in so far as it attempts to legalize 4 per cent beer in those political subdivisions which had voted to legalize only 3.2 per cent beer under the provisions of Chapter 116, Acts of the Regular Session of the Forty-third Legislature is violative of Article XVI, Section 20, of the Texas Constitution adopted in 1935. It is the further opinion of this Department that only beer of an alcoholic content not in excess of 3.2 per cent by weight may be legally sold in Justice Precinct No. 5 of McLennan County, Texas.

### SUMMARY

Article II, Section 2 of Chapter 448, Acts of the Regular Session of the Forty-fifth Legislature, in so far as it attempts to legalize 4 per cent beer in those political subdivisions which had voted to legalize only 3.2 per cent beer in 1933 is in conflict with Article XVI, Section 20 of the Texas Constitution. Therefore, only beer of an alcoholic content not in excess of 3.2 per cent by weight may be legally sold in Justice Precinct No. 5 of McLennan County, Texas.

Yours very truly

APPROVED:

ATTORNEY GENERAL

CYM:rt:wb

ATTORNEY GENERAL OF TEXAS

By
Clarence Y. Mills
Assistant